United States District Court
District of Minnesota
Third Division

Robert J. Reese

Plaintiff,

v.

Michael Roggow, Robert W. Meschke, and Martin County, a political subdivision of the State of Minnesota,

Defendants

Civil File No. 00-1437 ADM/AJB

**ORDER**

---

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on plaintiffs' motion to strike pleadings pursuant to Fed. R. Civ. P. 12(f). Hearing was held on July 19, 2000, at 638 United States Courthouse, 316 N. Robert St., St. Paul, MN. Matthew T. Nielsen, Esq. appeared on behalf of plaintiff; James R. Andreen, Esq. appeared on behalf of defendants. Based on the file, motions, and arguments of counsel, **IT IS HEREBY ORDERED THAT** plaintiff's motion to strike pleadings pursuant to Fed. R. Civ. P. 12(f) is **DENIED.**

Dated: 7/24/00

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Courts do not generally favor motions to strike. See United States v. Dico, Inc., 189 F.R.D. 536, 541 (S.D. Iowa 1999). "A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought

FILED JUL 24 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

to hear." Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977). The Court finds the defense of ineffective service of process is sufficient as a matter of law.

To be effective, service of process must be made "Upon an individual by delivering a copy to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein." Minn. R. Civ. P. 4.03(a). The party seeking to serve process must comply strictly with the statute. See Lundgren v. Green, 592 N.W.2d 888, 892 (Minn. App. 1999) (Quoting Blaine v. Anoka-Hennepin Indep. Sch. Dist. No. 11, 498 N.W.2d 309, 314-315 (Minn. App. 1993)).

The words "usual place of abode" refer to one's "fixed place of residence for the time being....the place wherein he is usually found resident." Holtberg v. Bommersbach, 52 N.W.2d 766, 768 (Minn. 1952). The fact that defendant's wife accepted service is irrelevant if service was made anywhere other than defendant's usual place of abode. See Berryhill v. Sepp, 119 N.W. 404 (Minn. 1909). While it is presumed that a husband's usual place of abode is with his wife and family, that presumption must survive evidence tending to show that the husband had established a usual place of abode other than with his wife and family. See Willard v. Marr, 139 N.W. 1066, 1068 (Minn. 1913). In this case, questions exist as to whether process was served at defendant Roggow's usual place of abode. The Court will not strike the pleading.

Counsel for defendant indicated at hearing that the County could accept service for defendant Roggow were he being sued in his official capacity. Plaintiff did not indicate that this would be acceptable, and the Court proceeds on the presumption that defendant Roggow is being sued in his individual capacity.